SCOTT E. BRADFORD, OR #062824
United States Attorney
District of Oregon
**ETHAN G. BODELL, PA #321830**
Special Assistant United States Attorney
Ethan.Bodell@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00424-SI |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| NAKISHA JORDAN, | |
| Defendant. | |

## INTRODUCTION

Defendant pleaded guilty to one count of wire fraud. For the reasons that follow, the government recommends that she be sentenced to two years' probation and be ordered to pay restitution in the amount of $3,760, along with a $100 special assessment.

## BACKGROUND

### A.     The Offense Conduct

Between June and August 2020, defendant submitted fraudulent applications for a Paycheck Protection Program (PPP) loan and two Economic Injury Disaster Loans (EIDLs),

**Government's Sentencing Memorandum**                                                                                           **Page 1**

programs designed to support struggling businesses during the COVID-19 pandemic. PSR ¶ 1. On those applications, she provided false information which inflated her businesses' revenues and monthly payroll expenses. PSR ¶¶ 24–29. To support the applications, defendant created and submitted false tax forms which had never been filed with the IRS. PSR ¶ 27. She also falsely reported that she had no criminal history and was not subject to any pending charges, despite having several prior criminal convictions and a pending charge for theft. PSR ¶¶ 30, 47–50.

Due to defendant's fraudulent representations, she received loans and advances—paid into her personal bank account—for which she was not actually eligible. PSR ¶¶ 26, 28. None of the funds went to support her businesses; instead, she spent the money on personal expenses including fast food, nail salon services, groceries, liquor store purchases, and cash withdrawals. *Id.* In total, defendant caused a loss to the Small Business Administration (SBA) of $3,760. PSR ¶ 31.

### B.    The Charges and Plea Agreement

On November 13, 2024, defendant was charged by indictment with three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts One through Three) and two counts of making false statements in violation of 18 U.S.C. § 1001 (Counts Four and Five). ECF No. 1. On December 3, 2025, defendant pleaded guilty to Count One of the indictment. ECF No. 25 at ¶ 2. Pursuant to the plea agreement, the government will move to dismiss Counts Two through Five at sentencing. *Id.* at ¶ 4.

C.   **Sentencing Guidelines**

Pursuant to the plea agreement, the parties submit the following sentencing guideline calculations:

| | |
|---|---|
| Base Offense Level – USSG § 2B1.1(a)(1) | 6[1] |
| Loss of $3,670 – USSG § 2B1.1(b)(1)(A) | 0 |
| **Total** | **6** |
| Acceptance of Responsibility – USSG § 3E1.1 | -2 |
| **Adjusted Offense Level** | **4** |
| Recommended Downward Variance | -1 |
| **Final Offense Level** | **3** |

The government agrees with Probation's determination that defendant scores two criminal history points. PSR ¶ 51; USSG § 4A1.1(c). This places her in Criminal History Category II. USSG § 5A. An Offense Level of 3, for a defendant in Criminal History Category II, results in an advisory guideline range of 0–6 months' imprisonment. *Id.*

D.   **Government's Recommended Sentence**

The government recommends that defendant be sentenced to a two-year term of probation, restitution in the amount of $3,760, and a $100 special assessment. The government

---

[1] The PSR calculates the base offense level as 7, not 6. PSR ¶ 36. Because defendant pleaded guilty to one count of wire fraud under 18 U.S.C. § 1343, which carries a statutory maximum term of imprisonment of 20 years, it appears the correct base offense level under USSG § 2B1.1(a)(1) is, in fact, 7. The government honors the parties' offense-level calculation in the plea agreement and applies a base offense level of 6. Whether defendant's base offense level is 6 (resulting in final offense level of 3) or 7 (resulting in a final offense level of 4), the guideline sentencing range—and the government's recommendation—remains the same. *See* USSG § 5A.

**Government's Sentencing Memorandum**                                                              **Page 3**

does not believe that incarceration is warranted, as defendant promptly accepted responsibility, agreed to pay restitution to the SBA, and waived substantive motions and rights of appeal and collateral attack. Accordingly, the government believes that a term of probation, along with full repayment of the fraudulently received funds, is appropriate in this case. This recommendation matches that of U.S. Probation, and satisfies the goal of 18 U.S.C. § 3553(a) that a sentence be "sufficient, but not greater than necessary."

**CONCLUSION**

The government recommend that defendant be sentenced to a two-year term of probation, restitution in the amount of $3,760 to the Small Business Administration, and a special assessment of $100.

Dated: February 25, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*s/ Ethan G. Bodell*
ETHAN G. BODELL, PA #321830
Special Assistant United States Attorney